IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLEANDER BENTON and GREGORY LUKE MECHE | § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | C.A. No. _____ |
| TRANSOCEAN LTD; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, L.L.C.; CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION, HALLIBURTON ENERGY SERVICES INC.; BP EXPLORATION AND AND PRODUCTION, INC.; and BP PLC | § § § § § § § § § § | Jury Demanded |
| Defendants. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the provisions of 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, and expressly reserving all rights otherwise to respond in this action, Defendant Cameron International Corporation a/k/a Cameron Systems Corporation ("Cameron") hereby removes the above-entitled action from the 215th Judicial District of Harris County, Texas, to this United States District Court, Southern District of Texas, and as grounds for removal states as follows:

I. **NATURE OF THE ACTION**

1. Cameron is a defendant in the matter styled *Oleander Benton and Gregory Luke Meche v. Transocean Ltd, et al*, Cause. No. 2010-43262, In the 215th Judicial District of Harris

County, Texas (the "State Court Action." Plaintiffs Oleander Benton and Gregory Luke Meche commenced this action by filing "Plaintiffs' Original Petition ("Petition") in the 215th Judicial District on July 14, 2010. The Petition named Cameron as a Defendant. A copy of the Petition is attached to this Notice as *Exhibit A*.

2. Cameron obtained a copy of the Petition on July 20, 2010, but was not served until July 27, 2010. All documents required to be filed pursuant to Local Rule 81 (other than the Petition) are attached to this Notice as *Exhibit D*.

3. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U. S.C. § 1446(b).

4. According to the Petition, the lawsuit arises out of a fire and explosion on April 20, 2010, involving the drilling rig *Deepwater Horizon* in the Gulf of Mexico. *See* Petition at Section VII.

5. Plaintiff Benton claims to have been a borrowed employee of Transocean at the time of the explosion. *See* Petition at Section VI. However, there is no similar allegation with respect to Plaintiff Meche. In fact, no information is provided in the Petition about Plaintiff Meche. However, records produced by BP identify that Plaintiff Benton was employed by Art Catering as a baker, and Plaintiff Meche was employed by MI Swaco as a mud engineer.

## II. THE OUTER CONTINENTAL SHELF LANDS ACT

6. This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and

controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil, and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

7.  OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources...." 43 U.S.C. § 1331(q). "Exploration" is the process of searching for minerals, including ... (2) "any drilling;" 43 U.S.C. § 1331(k). Development includes any "activity which take place following discovery of minerals in paying quantities, including drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered. 43 U.S.C. § 1331(l).

8.  The Petition arises out of, and has a connection with, an operation that was conducted on the outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a) and that involves the "exploration, development, or the production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals. 43 U.S.C. § 1349(b)(1).

9.  This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

10. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.*

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the 215th Judicial District of Harris County, Texas is located in the district in which the Petition is pending.

12. This matter is removable under 28 U.S.C. § 1441 in that it is a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 28 U.S.C. § 1441(b) and 43 U.S.C. § 1349.

13. To the extent that the Court does not have federal question jurisdiction over a claim asserted in the lawsuit, this court has supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a). All served defendants in this action consent to this removal.

14. Removal is proper under 28 U.S.C. § 1441(b), which permits removal if the Court has federal question jurisdiction "without regard to the citizenship or residence of the parties." Removal of all claims in the case is proper under 28 U.S.C. § 1441(c).

### III.  THE JONES ACT IS NOT A BAR TO REMOVAL

15. Plaintiffs allege that they are American seamen and that they bring this action pursuant to the Jones Act. Petition at Section V. Moreover, Plaintiff Benton alleges that she was a borrowed employee of Transocean. Petition at Section VI. The claims of a bona fide Jones Act seamen against his or her employer for injuries sustained in service to the vessel may not be removed. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995); 28 U.S.C. § 1445(a). 16.

16. A Jones Act claim must be brought against a seaman's employer. 46 U.S.C. § 30104. In this case, the only arguable Jones Act claim is by Plaintiff Benton against Transocean. However, as counsel for Plaintiffs well knows, this claim should never have been filed.

17.     On May 13, 2010, Judge Ellison of the Southern District of Texas, in the limitation action filed by Transocean, entered an order enjoining the beginning of any and all suits, actions, or legal proceedings of any nature or description whatsoever in any forum other than the limitation action.[1]  Subsequently, Judge Ellison amended this order to carve out certain claims pursuant to federal statues which could be initiated or prosecuted against Transocean in other courts.[2]  However, Jones Act claims were not carved out and thus the initiation of Plaintiff Benton's purported Jones Act claim against Transocean is directly contrary to Judge Ellison's order.

18.     Plaintiffs cannot be rewarded for blatantly disobeying Judge Ellison's order. They cannot prosecute a Jones Act claim against Transocean in state court.  And, they cannot use that improper claim to hold claims against non-Jones Act defendants in state court.  This improper claim, filed in defiance of a federal court order, should be ignored in determining federal court jurisdiction.

19.     Without that claim against Transocean in state court, a filing in direct violation of a court order, no plaintiff is a Jones Act seaman as to any defendant in this case.  Hence, any Jones Act claim is fraudulent and is no impediment to removal.  *See, e.g., Hufnagel v. Omega*

---

[1] *In re the Complaint and Petition of Triton Asset Leasing GmbH, et al*, Civil Action No. 4:10-cv-01721, In the United States District Court for the Southern District of Texas, Houston Division (Ellison, J) (Document 9, entitled Order Directing Claimants to File and Make Proof of Claims, Directing the Issuance of Monition, and Restraining Prosecution of Claims).

[2] *In re the Complaint and Petition of Triton Asset Leasing GmbH, et al*, Civil Action No. 4:10-cv-01721, In the United States District Court for the Southern District of Texas, Houston Division (Ellison, J) (Document 131).

383.00017/463131.v1

*Service Industries, Inc.*, 182 F.3d 340, 345 (5th Cir. 1999) (fraudulent Jones Act claim is no bar to removal).

### IV.   EVEN IF THIS COURT IGNORED THE VIOLATION OF JUDGE ELLISON'S ORDER, REMOVAL WOULD STILL BE PROPER

20.   To maintain a Jones act claim, the claimants must actually be seamen. *See Harbor Tug & Barge Co. v. Papai*, 117 S. Ct. 1535, 1540 (1997). Neither Plaintiff was a Jones Act seamen. One was a baker and the other was an oilfield worker. Accordingly, the Jones Act claims are fraudulent and no bar to removal. *Hufnagel*, 182 F.3d at 349.

21.   Moreover, neither plaintiff was employed by, or was a borrowed servant of, Cameron or any defendant in this case. Accordingly, no Jones Act claim is available. 46 U.S.C. § 30104.

22.   In fact, Plaintiff Meche does not even allege to be a borrowed employee of Transocean or any defendant in this case. He is an employee of MI Swaco and there are no claims being advanced against MI Swaco. His claims cannot be Jones Act claims. Consequently, even if Plaintiff Benton's claims were valid Jones Act claims, which they are not, they cannot be used to shelter the removable claims advanced by Plaintiff Meche. Because Plaintiffs have joined separate and independent removable claims with allegedly nonremovable claims, the entire case is removable pursuant to 28 U.S.C. § 1441(c).

### V.   CONCLUSION AND PRAYER

23.   Cameron reserves the right to submit additional evidence in support of removal as appropriate in future circumstances

383.00017/463131.v1

24.   By virtue of this Notice of Removal, Cameron does not waive its right to assert any claims, defenses or other motions permitted under the Federal Rules of Civil Procedure, including contesting jurisdiction and service.

25.   Pursuant to 28 U.S.C. § 1446(d), Cameron is providing written notice of the filing of this Notice of Removal to all adverse parties. In addition, a copy of this removal petition is being filed with the clerk of the court in which the state action was filed.

26.   In accordance with this Notice, this Court should take jurisdiction of this action to the exclusion of any further proceedings in the state action.

## V.   JURY DEMAND

27.   Cameron demands trial by jury.

                                      Respectfully submitted,

                                      BECK, REDDEN & SECREST, L.L.P.

                                      By: _____
                                      David J. Beck
                                      State Bar No. 00000070
                                      Federal I.D. No. 16605
                                      1221 McKinney, Suite 4500
                                      Houston, Texas 77010-2010
                                      Telephone: (713) 951-3700
                                      Telecopier: (713) 951-3720

**ATTORNEY IN CHARGE FOR
DEFENDANT CAMERON INTERNATIONAL
CORPORATION**

383.00017/463131.v1

OF COUNSEL:

Joe W. Redden, Jr.
State Bar No. 16660600
Federal I.D. No. 2139
David W. Jones
State Bar No. 00790980
Federal I.D. No. 18206
Geoff Gannaway
State Bar No. 24036617
Federal Bar No. 37039
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing document was served on all counsel of record in compliance with the Federal Rules of Civil Procedure on this 4th day of August 2010, by facsimile:

David Jones

383.00017/463131.v1