

Filed 10 July 14 A8:17
Loren Jackson - District Clerk
Harris County
ED101J015864384
By: Sharon Carlton

### 2010-43262 / Court: 215

NO. _____

| | | |
|---|---|---|
| OLEANDER BENTON and GREGORY LUKE MECHE | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING L.L.C., CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION, HALLIBURTON ENERGY SERVICES, INC., BP EXPLORATION AND PRODUCTION, INC., and BP, PLC | § § § § § § § § § § | _____ JUDICIAL DISTRICT<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs OLEANDER BENTON and GREGORY LUKE MECHE (collectively "Plaintiffs") complain of Defendants TRANSOCEAN LTD., TRANSOCEAN OFFSHORE DEEPWATER DRILLING, L.L.C., CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON SYSTEMS CORPORATION, HALLIBURTON ENERGY SERVICES, INC., BP EXPLORATION AND PRODUCTION, INC. and BP, PLC and for cause of action respectfully show this Honorable Court the following:

### I.

Discovery in this matter will be conducted pursuant to Level 2.

### II.

Defendant TRANSOCEAN LTD. is a foreign company doing business in the State of Texas.

Defendant TRANSOCEAN OFFSHORE DEEPWATER DRILLING, L.L.C. is a foreign limited liability company doing business in the State of Texas. It can be served through its registered agent: Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

Defendant CAMERON INTERNATIONAL CORPORATION a/k/a CAMERON

Certified Document Number: 45807677 - Page 1 of 8

SYSTEMS CORPORATION ("Cameron") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas.  It can be served through its registered agent in Texas:  CT Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.

Defendant HALLIBURTON ENERGY SERVICES, INC. ("Halliburton") is a Delaware corporation with its principal place of business in Houston, Harris County, Texas.  It can be served through its registered agent in Texas:  CT Corporation System, 350 N. St. Paul Street, Dallas, Texas  75201.

Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign company doing business in the State of Texas. It can be served through its registered agent: CT Corporation System, 350 North St. Paul St., Dallas, TX 75201-4234.

Defendant BP, PLC is a foreign company doing business in the State of Texas.

### III.

Plaintiff OLEANDER BENTON is a resident of Louisiana.

Plaintiff GREGORY LUKE MECHE is a resident of Louisiana.

### IV.

The Court has jurisdiction over this matter in that Defendants do business in the State of Texas.  Venue is proper in this matter because at least one of the Defendants is headquartered in this County.

### V.

Plaintiffs are American seamen and bring this action pursuant to Title 46 U.S.C. § 688.

### VI.

At all times material hereto, Plaintiffs were aboard the DEEPWATER HORIZON (the "Vessel"), and Plaintiff Benton was aboard as a borrowed employee of Defendants Transocean,

2

Certified Document Number: 45807677 - Page 2 of 8

Ltd. and/or Transocean Offshore Deepwater Drilling, L.L.C. (collectively the "Transocean Defendants") and was acting within the course and scope of her employment as a seaman in service of the Vessel. The DEEPWATER HORIZON was owned and/or operated by the Transocean Defendants and leased by Defendants BP Exploration and Production, Inc. and/or BP, Plc (collectively "BP" or the "BP Defendants").

## VII.

On April 20, 2010, as Plaintiffs were performing their regular duties aboard the vessel, they both sustained severe injuries to their persons. Such injuries were legally caused by the negligence of the Defendants and the unseaworthiness of the Vessel in question. Specifically, the DEEPWATER HORIZON caught fire and exploded, and ultimately sunk, injuring more than twenty, and killing eleven. Such an incident does not occur without an unseaworthy condition or negligence. Due to their severe injuries, Plaintiffs cannot work. Indeed, in light of the circumstances leading to Plaintiffs' injuries, there is a rebuttable presumption that the vessel was unseaworthy.

The BP Defendants had leased the Vessel and had a significant hand in the control of the rig; importantly in the application of casing and cement and preparation of the well for production. Further, because the Vessel was leased to the BP Defendants, such Defendants have a duty to ensure that operations are conducted in a prudent manner. The BP Defendants failed in that regard, legally causing Plaintiffs' injuries.

Upon information and belief, Cameron designed, manufactured and/or supplied the DEEPWATER HORIZON's blow-out-preventers ("BOP's"). The purpose of BOP's is to prevent explosive pressure releases and surges that could threaten a rig and the safety of those aboard it. However, the BOP's on the Vessel were defective because they failed to operate as

Certified Document Number: 45807677 - Page 3 of 8

3

intended and/or because Cameron failed to warn the users that the BOP's would not operate as intended. Additionally, Plaintiffs also bring claims against Cameron under general maritime products liability or, alternatively, the Texas Products Liability Act (TEX. CIV. PRAC. & REM. CODE § 82.001, *et seq.*). Upon information and belief, the BOP's at issue were not substantially changed after they left Cameron's control. Further, the BOP's were in a defective condition, unreasonably dangerous to the Vessel and everyone aboard it, and, Cameron, as the designer, manufacturer and/or supplier of such, is strictly liable for the physical harm caused Plaintiffs. Plaintiffs allege that these BOP's were defective as manufactured and/or designed and these defects legally caused the explosion, fire and resulting injuries to Plaintiffs. Further, Cameron failed to warn the owners, operators and/or lessees of the Vessel that these BOP's would not work as intended.

Halliburton was a contractor working on the Vessel engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, allowing pressure to escape the well, leading to the resulting blowout and fire.

Plaintiffs would also show that Defendants acted willfully, wantonly, maliciously recklessly, and with gross negligence when they breached the duties owed Plaintiffs. Accordingly, Plaintiffs also seek an award of PUNITIVE damages.

Specifically, Defendant BP Exploration and Production, Inc. has a record of safety infractions in the Gulf of Mexico. In the last ten years, this Defendant has been fined by the Minerals Management Service (MMS) at least five times. These infractions include:

- $41,000 fine for a "loss of well control." MMS found that this Defendant "failed to verify employees were trained to competently perform the assigned well control duties";

4

- $190,000 fine for an improperly installed fire diverter system. This violation was discovered in the wake of a fire that damaged property and the environment;

- $80,000 fine for bypassing relays for the Pressure Safety High/Low on four producing wells;

- $70,000 fine for low pressure in the fire water system; and

- $190,000 fine for the BP's rig operator, after it was found that BP's employees, working as contractors, bypassed the safety valves on a rig. MMS discovered that found that the rig failed to shut down in an emergency because the safety devices had been bypassed.

Because of BP's record, specifically because similar incidents had occurred on other rigs leased by BP, and because, on information and belief, a well control issue led to the blow out that occurred in this case, Plaintiffs seek punitive damages for the BP Defendants' gross negligence and malice.

Plaintiffs also specifically plead the doctrine of *Res Ipsa Loquitor.*

**VIII.**

By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiffs sustained severe bodily injuries. Plaintiffs have suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of their natural lives.

**IX.**

As a result of the foregoing injuries, Plaintiffs have suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, their earning capacities have been impaired permanently.

**X.**

Additionally, Plaintiffs have incurred reasonable and necessary medical expenses in the

Certified Document Number: 45807677 - Page 5 of 8

5

past and, in reasonable probability will incur reasonable medical expenses in the future.

## XI.

Additionally, as a result of the injuries sustained in the occurrences as set forth above, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

## XII.

Pleading further, in the alternative, if it is shown that either Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

## XIII.

Plaintiffs are physically impaired as a result of injuries sustained in the above-referenced occurrence. As a consequence, they have all lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## XIV.

Plaintiff Benton would show that on the above-mentioned date, she was injured while in the service of a vessel. Because Plaintiff Benton was a borrowed employee, the Transocean Defendants have, and continue to have, a non-delegable duty to provide Plaintiff Benton with the benefits of maintenance and cure. Plaintiff Benton would show that she has not reached maximum medical improvement and that the Transocean Defendants' duty continues. The Transocean Defendants have denied payment and/or have unreasonably delayed payments for maintenance and cure and/or have paid maintenance in an insufficient amount. The Transocean Defendants' conduct towards this injured seaman is arbitrary, malicious, capricious, and wrong.

6

Certified Document Number: 45807677 - Page 6 of 8

As a result of the Transocean Defendants' failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff Benton has suffered further injuries and damages, for which she now sues. Plaintiff Benton would further show that the Transocean Defendants' failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that as a result thereof, Plaintiff Benton is thus entitled to PUNITIVE DAMAGES, and an award of attorneys' fees, for which she now sues, in addition to all other relief sought.

## XV.
### Request for Rule 194 Disclosure

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k), Tex. R. Civ. P.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants in the amount of FIVE MILLION, FIVE HUNDRED THOUSAND ($5,500,000.00) DOLLARS each, plus pre- and post-judgment interest at the legal rate, for all costs of court, and all such other and further relief, at law and in equity, to which they may be justly entitled.

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.**

Certified Document Number: 45807677 - Page 7 of 8

Respectfully submitted,

## THE BUZBEE LAW FIRM

By:      /s/ Anthony G. Buzbee
          ANTHONY G. BUZBEE
          State Bar No. 24001820
          JP Morgan Chase Tower
          600 Travis, Suite 7300
          Houston, Texas 77002
          Phone: 713-223-5393
          Fax: 713-223-5392
          www.txattorneys.com

          **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of this document has been duly served on opposing counsel in accordance with the Texas Rules of Civil Procedure on July 14, 2010, as set forth below:

**Via Facsimile: (713) 572-9129**
**And/Or ProDoc E-Filing**
Frank A. Piccolo
PREIS & ROY
Weslayan Tower
24 Greenway Plaza, Suite 2050
Houston, Texas 77046

                     /s/ Anthony G. Buzbee
                     Anthony G. Buzbee

Certified Document Number: 45807677 - Page 8 of 8



I, Loren Jackson, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date
Witness my official hand and seal of office
this  August 4, 2010

Certified Document Number:   45807677 Total Pages:  8

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**